JAMES F. McKAY, III, Judge.
 

 hOn January 4, 2007, a minor traffic accident occurred involving a 1996 Ford Mustang driven by the plaintiff, Jessica Richardson, and a St. Bernard Parish School bus driven by the defendant, Sonia Woodruff. Ms. Richardson contends that her vehicle was struck from the rear by the school bus travelling approximately 10 m.p.h. Ms. Woodruff contends that she merely struck the plaintiffs side view mirror while making a right turn. Ms. Wood-ruffs version of the accident was corroborated both by photographs taken by Kathy Gonzales, a transportation supervisor with the school district, and the accident report prepared by Cpl. Joseph Moore of the St. Bernard Parish Sheriffs Department. The damages to Ms. Richardson’s side view mirror amounted to $116.75.
 

 Ms. Richardson filed suit against Ms. Woodruff and the St. Bernard parish School Board alleging that she was injured as a result of the accident. After trial, the district court found that the plaintiff failed to prove her case and rendered judgment in favor of the defendants, dismissing the plaintiffs claims. It is from this judgment that Ms. Richardson now appeals.
 

 |2On appeal, the plaintiff raises the following assignments of error: 1) because the parties had stipulated that contact had occurred between the vehicles, it was manifestly erroneous for the trial court to conclude otherwise; 2) the trial court erroneously interpreted or applied the law in disregarding the fact that the parties stipulated that contact had occurred between the two vehicles.
 

 However, the only issue truly before this Court is whether the trial court properly interpreted and weighed the evidence before it when it dismissed the plaintiffs claim.
 

 A trial court’s credibility determinations are entitled to great weight. The trier of fact is the individual who sees and hears the witnesses first hand. Accordingly, the standard on appeal is not whether the reviewing court considers the trial court’s decision right or wrong, but whether the trial court’s conclusions are reasonable in light of the record. If the trial court’s findings are reasonable in light of the record viewed in its entirety, those conclusions may not be disturbed.
 
 Lasyone v. Kansas City Southern R.R.,
 
 2000-2628 (La.4/3/01), 786 So.2d 682;
 
 Stobart v. State, Department of Transportation and Development,
 
 617 So.2d 880 (La.1993).
 

 In the instant case, the trial court had to decide who it believed. In addition to witness testimony, there was photographic evidence which corroborated the school district’s ease. These photographs showed that the accident could not have occurred as Ms. Richardson claimed. Clearly, there was evidence in the record to support the reasonability of the trial court factual findings in this case.
 

 |sFor the above and foregoing reasons, we affirm the trial court dismissal of the plaintiffs claim.
 

 AFFIRMED.